KENNETH FRUCHT, State Bar No. 178881
FREDERICK J. GEONETTA, State Bar No. 114824
**GEONETTA & FRUCHT, LLP**
825 Washington Street, Suite 220
Oakland, CA  94607
Telephone:  (510) 254-3777

Attorneys for Plaintiff TERRI PRICE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI PRICE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PETALUMA HEALTH CENTER,<br><br>　　　　　Defendant | Case No. C-17-5428 HSG<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO EXTEND TIME TO FILE SECOND AMENDED COMPLAINT (LOCAL RULE 6-3); DECLARATION OF KENNETH FRUCHT; [PROPOSED] ORDER** |

**I.　　INTRODUCTION**

　　Plaintiff Terri Price hereby requests an extension of time to file a second amended complaint.  Until September 1, 2018, Price was a pro se litigant, having filed her complaint without the assistance or advice of counsel.  After review of her pleadings, the Court issued a Report and Recommendations allowing her to amend her pleadings.  She did so, again without the advice or help of an attorney.  The Court subsequently ordered the complaint served on Defendant, who responded to service with a 12(b)(6) Motion to Dismiss.  Plaintiff subsequently missed the deadlines to 1) oppose Defendant's 12(b)(6) motion (Local Rule 7-3), or 2) to respond to the 12(b)(6) with an amended pleading (FRCP 15(a)(1)(B).  After these deadlines passed, Plaintiff contacted and retained attorney Kenneth Frucht, who filed a Notice of Appearance on September 1, 2018.  On September 18, 2018, the Court ordered Plaintiff to submit a filing indicating whether she intends to oppose the Motion to Dismiss.  Instead, for the reasons set forth below, Plaintiff requests that the time to file a Second Amended Complaint be

ADMINISTRATIVE MOTION TO EXTEND TIME - 1 OF 7

extended from August 13, 2018 to September 27, 2018.

## II. FACTUAL BACKGROUND

Plaintiff was an eight year employee of the Petaluma Health Center ("PHC"), and went out on medical leave in December 2013 following an investigation into complaints that she had made to PHC about abusive treatment by her immediate supervisor, and a race-based hostile work environment at PHC. She also alleged wage and hour violations under California Labor Law. Plaintiff filed her complaint pro se on September 19, 2017. At the same time she sought permission – which was granted – to proceed pro se.

Liberally construed, Plaintiff's alleged violations by PHC of FEHA and Title VII. After review to determine whether the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court issued a Report and Recommendations on October 10, 2017. The Court noted that the Complaint did not specify whether she was making claims under FEHA or Title VII, and did not specify which state or federal laws she was asserting. The Court also found there were insufficient facts alleged to determine if Plaintiff's charges were timely under FEHA and/or Title VII, but also found that "given that the Complaint includes some allegations regarding a possible mental disability, as well as allegations that possibly material information relating to Plaintiff's claims may have been concealed from her by Defendants, Plaintiff may be able to allege sufficient facts to support a plausible inference that one of these doctrines [estoppel or tolling] applies." The Court therefore granted Plaintiff leave to amend to attempt to allege further facts related to possible tolling or equitable estoppel.

Plaintiff filed an Amended Complaint on February 5, 2018, and on July 6, 2018 the Court ordered that the Complaint be served on Defendant. Defendant filed a Motion to Dismiss on July 30, 2018. Based on that filing date, any opposition would have been due on August 20, 2018. Further, based on FRCP 15(a)(1)(B), Plaintiff could have filed an amended complaint 21 days thereafter. However, Plaintiff still had no counsel, and these deadlines passed without any opposition or Amended Complaint being filed. In the meantime, Plaintiff met with attorney

Kenneth Frucht ("Frucht") in August 2018. Frucht, who represented another PHC employee in a factually related case filed in the Sonoma County Superior Court agreed to represent Plaintiff, and eventually, towards the end of August, obtained documents related to Plaintiff's case. Among the documents obtained by Frucht was Plaintiff's 1260 page Worker's Comp file. Within that file is a 37 page Medical Legal evaluation conducted by Stephen Heckman, Ph.D., which concluded, among other things, that Plaintiff had "been temporarily totally disabled as a result of her psychiatric condition since December 2013" and that her disability was caused by her exposure to her PHC supervisor.

Frucht understood after reviewing the Court's orders and the pro se Complaint filed by Plaintiff, and after beginning his review of documents he obtained from Plaintiff, that there were innumerable critical facts missing from the allegations in the Complaint and the Amended Complaint, and that these facts were relevant and necessary to include in an Amended Complaint in order to oppose Defendant's Motion to Dismiss. Frucht has been diligently preparing a Second Amended Complaint, and planned on filing it, together with a Motion for Leave to file an Amended Complaint prior to the September 27, 2018 date set for the hearing on Defendant's Motion to Dismiss.

Prior to beginning work on a Second Amended Complaint, Frucht contacted Defendant's counsel Larry Kazanjian and asked if Defendant would stipulate to the filing of a Second Amended Complaint. Mr. Kazanjian indicated that his client would not agree.

### III. LEGAL ARGUMENT

FRCP 15(a)(1) provides that "A party may amend its pleading as a matter of court within: (B) 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)…" Defendant served its Motion to Dismiss on July 30, 2018, and Plaintiff could have filed an amended pleading 21 days thereafter, or by August 20, 2018. Plaintiff did not file an opposition or an amended pleading. Plaintiff now seeks an extension of time to file a Second Amended Complaint. An extension is justified because Plaintiff is now represented by

ADMINISTRATIVE MOTION TO EXTEND TIME - 3 OF 7

Counsel who understands the import of facts that are missing from Plaintiff's previous attempts to properly allege wrongdoing by Defendant, and who has access to documents that allow him to properly allege those facts.  Plaintiff's counsel believes that these facts properly support claims for equitable estoppel and tolling of the statute of limitations related to Plaintiff's claims.

DATED:  September 18, 2018                                            GEONETTA & FRUCT, LLP


By: _____
       Kenneth Frucht
       Attorney for Plaintiff Terri Price

### DECLARATION OF KENNETH FRUCHT IN SUPPORT OF ADMINISTRATIVE MOTION TO EXTEND TIME TO FILE SECOND AMENDED COMPLAINT

I, KENNETH FRUCHT, declare as follows,

    1.    I am an attorney admitted to practice law in the State of California.  Except as to matters expressly stated are based on information and belief.   I have personal knowledge as to matters stated herein, and if called to testify in a court of law would so testify.

    2.    Plaintiff was an eight year employee of the Petaluma Health Center ("PHC"), and went out on medical leave in December 2013 following an investigation into complaints that she had made to PHC about abusive treatment by her immediate supervisor, and a race-

based hostile work environment at PHC. She also alleged wage and hour violations under California Labor Law. Plaintiff filed her complaint pro se on September 19, 2017. (Dckt. 2.) At the same time she sought permission – which was granted – to proceed pro se. (Dckt. 2.)

3.  Liberally construed, Plaintiff's alleged violations by PHC of FEHA and Title VII. After review to determine whether the Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court issued a Report and Recommendations on October 10, 2017. (Dckt. 7.) The Court noted that the Complaint did not specify whether she was making claims under FEHA or Title VII, and did not specify which state or federal laws she was asserting. The Court also found there were insufficient facts alleged to determine if Plaintiff's charges were timely under FEHA and/or Title VII, but also found that "given that the Complaint includes some allegations regarding a possible mental disability, as well as allegations that possibly material information relating to Plaintiff's claims may have been concealed from her by Defendants, Plaintiff may be able to allege sufficient facts to support a plausible inference that one of these doctrines [estoppel or tolling] applies." The Court therefore granted Plaintiff leave to amend to attempt to allege further facts related to possible tolling or equitable estoppel.

4.  Plaintiff filed an Amended Complaint on February 5, 2018 (Dckt. 13.), and on July 6, 2018 the Court ordered that the Complaint be served on Defendant (Dckt. 14.). Defendant filed a Motion to Dismiss on July 30, 2018 (Dckt. 18.). Based on that filing date, any opposition would have been due on August 20, 2018. Further, based on FRCP 15(a)(1)(B), Plaintiff could have filed an amended complaint 21 days thereafter. However, Plaintiff still had no counsel, and these deadlines passed without any opposition or Amended Complaint being filed. In the meantime, Plaintiff met with attorney me in August 2018. I represent another PHC employee in a factually related case filed in the Sonoma County Superior Court. After speaking

ADMINISTRATIVE MOTION TO EXTEND TIME - 5 OF 7

with Plaintiff, I agreed to represent her, and eventually, towards the end of August, I obtained documents related to Plaintiff's case.

5.      Among the documents I obtained was Plaintiff's 1260 page Worker's Comp file. Within that file is a 37 page Medical Legal evaluation conducted by Stephen Heckman, Ph.D., which concluded, among other things, that Plaintiff had "been temporarily totally disabled as a result of her psychiatric condition since December 2013" and that her disability was caused by her exposure to her PHC supervisor.

6.      I understood after reviewing the Court's orders and the pro se Complaint filed by Plaintiff, and after beginning my review of documents obtained from Plaintiff, that there were innumerable critical facts missing from the allegations in the Complaint and the Amended Complaint, and that these facts were relevant and necessary to include in an Amended Complaint in order to oppose Defendant's Motion to Dismiss. I have been diligently preparing a Second Amended Complaint, and planned on filing it, together with a Motion for Leave to file an Amended Complaint prior to the September 27, 2018 date set for the hearing on Defendant's Motion to Dismiss.

7.      Prior to beginning my work on a Second Amended Complaint, I contacted Defendant's counsel Larry Kazanjian and asked if Defendant would stipulate to the filing of a Second Amended Complaint. Mr. Kazanjian indicated that his client would not agree.

 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 18, 2018

_____
Kenneth  Frucht

ADMINISTRATIVE MOTION TO EXTEND TIME - 6 OF 7

**PROPOSED ORDER**

GOOD CAUSE HAVING BEEN SHOWN it is HEREBY ORDERED that Plaintiffs Administrative Motion for an Extension of Time to File a Second Amended Complaint is GRANTED.  Plaintiffs shall file a Second Amended Complaint on or before September 27, 2018.

Any Opposition to Plaintiffs' Administrative Motion shall be filed and served by fax or email by 5:00 p.m. on September \_\_\_\_, 2018.

Any Reply shall be filed and served by fax or by personal service by 5:00 p.m. on September _____, 2018.

IT IS SO ORDERED

_____
Hon. Haywood S. Gilliam
Judge of the U.S. District Court for the Northern District of California