UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI PRICE,<br><br>  Plaintiff,<br><br> v.<br><br>PETALUMA HEALTH CENTER,<br><br>  Defendant. | Case No. 17-cv-05428-HSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 19, 24 |

Pending before the Court is Plaintiff's motion for leave to file a second amended complaint, which Defendant apparently opposes. Dkt. No. 24. Also pending before the Court is Defendant's motion to dismiss Plaintiff's amended complaint. Dkt. No. 19.

The Court first addresses Plaintiff's motion. Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks omitted). The five factors relevant to determining proper amendment are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same factors). The Court weighs prejudice to the opposing party most heavily. *Eminence Capital*, 316 F.3d at 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

Plaintiff has shown that leave to amend the first amended complaint should be granted under this circuit's liberal standard. The circumstances detailed in Plaintiff's motion establish

good cause.  Plaintiff is now represented by counsel, and the motion and counsel's declaration explain that counsel was only recently retained and has been acting diligently in good faith to prepare an amended complaint that will address acknowledged deficiencies in Plaintiff's prior pro se complaint.  In addition, the Court cannot conclude that amendment would be futile, and Plaintiff has only amended her complaint once before.  Most important, the Court finds no evidence that amendment would prejudice Defendant in this action at this early stage.

For these reasons, the Court finds leave to amend the complaint to be warranted, and **GRANTS** Plaintiff's motion for leave to amend the complaint.  Plaintiff shall file a second amended complaint by September 27, 2018.

Because it grants Plaintiff's motion for leave to amend the complaint, the Court **DENIES AS MOOT** Defendant's pending motion to dismiss, without prejudice to Defendant timely filing a motion regarding Plaintiff's second amended complaint.[1]

**IT IS SO ORDERED.**

Dated: 9/19/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[1] This order vacates the hearing on Defendant's motion to dismiss, previously scheduled for September 27, 2018.