UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRI PRICE,<br>        Plaintiff,<br>v.<br>PETALUMA HEALTH CENTER,<br>        Defendant. | Case No. 17-cv-05428-HSG<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND, IN THE ALTERNATIVE, COMPEL ARBITRATION**<br>Re: Dkt. No. 29 |

Pending before the Court is a motion to dismiss and, in the alternative, to compel arbitration of claims in Plaintiff Terri Price's second amended complaint, Dkt. No. 28 ("SAC"), filed by Defendant Petaluma Health Center, Inc., Dkt. No. 29 ("Mot."). Briefing on the motion is complete. *See* Dkt. Nos. 30 ("Opp."), 31 ("Reply"). The Court took the motion under submission on January 30, 2019. *See* Dkt. No. 32; Civ. L.R. 7-1(b). After carefully considering the parties' arguments, the Court **GRANTS** Defendant's motion insofar as it seeks to compel arbitration and **DENIES** as moot Defendant's motion insofar as it seeks to dismiss Plaintiff's claims.

**I. BACKGROUND**

On September 19, 2017, Plaintiff, proceeding *pro se*, filed suit against her former employer alleging, among other things, discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq. See* Dkt. No. 1. On January 8, 2018, this Court adopted a report and recommendation by Chief Magistrate Judge Spero and dismissed the initial complaint with leave to amend. *See* Dkt. No. 12. Plaintiff subsequently amended her complaint twice, the second time with the assistance of counsel. *See* Dkt. Nos. 13, 28.

In addition to various state claims, the operative complaint asserts two federal causes of action, both under Title VII. *See* SAC ¶¶ 75–91. The central underlying facts of Plaintiff's

complaint relate to allegations that, while employed by Defendant, a supervisor discriminated against, harassed, and retaliated against Plaintiff on the basis of her race. *See, e.g.*, SAC ¶¶ 18–30.

The parties agree that Plaintiff signed an arbitration agreement, which compels arbitration of any employment-related disputes between Plaintiff and Defendant, including all present claims. Mot. at 15; Opp. at 2. The parties further agree that the arbitration agreement is valid and enforceable. Mot. at 15; Opp. at 2.

## II.  LEGAL STANDARD

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.,* sets forth a policy favoring arbitration agreements and establishes that a written arbitration agreement is "valid, irrevocable, and enforceable." 9 U.S.C. § 2; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983) (noting federal policy favoring arbitration). The FAA allows that a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that . . . arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Federal policy is "simply to ensure the enforceability, according to their terms, of private agreements to arbitrate." *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.,* 489 U.S. 468, 476 (1989). Courts must resolve any "ambiguities as to the scope of the arbitration clause itself . . . in favor of arbitration." *Id.*

Arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In analyzing whether an arbitration agreement is valid and enforceable, "generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening § 2." *Doctor's Assoc., Inc. v. Casarotto,* 517 U.S. 681, 687 (1996). In interpreting the validity and scope of an arbitration agreement, courts apply state law principles of contract formation and interpretation. *See Wolsey, Ltd. v. Foodmaker, Inc.,* 144 F.3d 1205, 1210 (9th Cir. 1998).

When considering a motion to compel arbitration, the Court is limited to determining (1) whether a valid arbitration agreement exists, and, if so (2) whether the arbitration agreement

2

encompasses the dispute at issue. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008). If these conditions are satisfied, the court must compel arbitration. 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration.").

In the Ninth Circuit, courts have discretion to stay or dismiss claims subject to a valid arbitration agreement. *See Sparling v. Hoffman Constr. Co.,* 864 F.2d 635, 638 (9th Cir. 1988); *see also Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.,* 560 F.3d 935, 940 (9th Cir. 2009) ("If the court finds that an arbitration clause is valid and enforceable, the court should stay or dismiss the action to allow the arbitration to proceed.") (citation omitted). That said, the "preference" is to "stay[] an action pending arbitration rather than dismissing it." *MediVas, LLC v. Marubeni Corp.,* 741 F.3d 4, 9 (9th Cir. 2014).

### III. DISCUSSION

The parties agree a valid arbitration agreement between the parties compels arbitration of all claims in this action. Mot. at 15; Opp. at 2. Nonetheless, Defendant asks the Court to first resolve the requested dismissal and, only in the alternative, compel arbitration. Mot. at 15 ("Defendant requests that, should the Court fail to dismiss this action, the Court either compel this matter to arbitration and/or set a briefing schedule for a Petition to Compel Arbitration."). Defendant has it backwards. Defendant moved in part to compel arbitration, which means the Court is now limited to determining (1) whether a valid arbitration agreement exists, and, if so (2) whether the arbitration agreement encompasses the dispute at issue. *See Cox,* 533 F.3d at 1119. There is no dispute as to either point. Thus, the Court must compel arbitration. *See* 9 U.S.C. § 4. And given that no party objects to staying the action pending arbitration rather than dismissing it, the Court will stay Plaintiff's claims pending arbitration

//

//

//

//

3

## IV. CONCLUSION

The Court **GRANTS** Defendant's motion insofar as it seeks to compel arbitration. The Court **DENIES** as moot Defendant's motion insofar as it seeks dismissal of Plaintiff's claims. This action is hereby **STAYED** pending resolution of the arbitration. The parties shall file a joint report regarding the status of the arbitration proceeding 90 days from the date of this order, and every 90 days thereafter until that proceeding is concluded. The parties also are directed to jointly notify the Court within 48 hours of the conclusion of the arbitration proceeding. The clerk is directed to administratively close the case.

**IT IS SO ORDERED.**

Dated: 1/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge